
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO HERNANDEZ-HUIZACHE,<br><br>               Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>               Respondent. | No.   15-72278<br><br>Agency No. A200-963-595<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Alejandro Hernandez-Huizache, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigrations Appeals' ("BIA") order dismissing his

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019), and we deny in part and dismiss in part the petition.

The record does not compel the conclusion that Hernandez-Huizache established "changed circumstances" or "extraordinary circumstances" so that his asylum application should have been considered notwithstanding its late filing. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §1208.4(a)(4)-(5).

Because Hernandez-Huizache did not raise before the BIA his due process claim related to the IJ's findings , we lack jurisdiction to review it here. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject as unsupported by the record Hernandez-Huizache's contentions that the BIA violated his right to due process.

Regarding his claim for withholding of removal and asylum, substantial

2

evidence supports the BIA's determination that Hernandez-Huizache did not establish past persecution or a fear of future persecution due to membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992) (noting requirement of a nexus between alleged fear of persecution and membership in a particular social group). To the extent Hernandez-Huizache raises new social groups, we do not consider them because they were not raised before the BIA. *Barron*, 358 F.3d at 678.

Substantial evidence also supports the BIA's determination that Hernandez-Huizache has not demonstrated that it is more likely than not he will experience torture upon his return to Mexico, as required to be eligible for CAT relief. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (holding that speculative claims of torture are insufficient to afford relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**